ILLINOIS CENTRAL RAILROAD COMPANY v. MARIAH DODDS.

[53 South. 409.]

1. DAMAGES. *Punitive damages. When not recoverable.*

Punitive damages are not recoverable where the defendant has not been guilty of any element of intentional wrong, nor of negligence so gross as to show a reckless disregard of consequences.

2. SAME. *Railroads. Tickets. Taking up return.*

Where a railroad conductor through inadvertence, took up a passenger's round trip ticket and failed to give back the return part thereof, and there was no wantonness or disregard of the passenger's right, the railroad company was liable only for actual damages.

FROM the circuit court of Attala county.

HON. GEORGE A. McLEAN, Judge.

Mrs. Dodds, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Mayes & Longstreet,* for appellant.

The principle and the purpose of punitive damages are proper and salutary in cases warranting their application. But to grant instructions authorizing juries to return punitive damages, when the evidence demonstrates the entire lack of every element authorizing such action, is really to destroy the wisdom and the efficacy of a distinction between actual and punitive damages.

The court will observe that this case was based almost wholly on the effort to recover punitive damages. There were but two main instructions granted to plaintiff below (the third being merely as to the form of the verdict), and the court will observe that from the first line to the last, both instructions ignore wholly

the idea and question of actual damages, but use all the phrases and expressions used in instructions for punitive damages only.

When we turn to the evidence, when we consider the testimony of all of the witnesses, both for plaintiff and defendant, we find at the worst, a case where a conductor of a passenger train might have overlooked the fact that there was a return portion of a ticket, and through hurry and inadvertence, the passenger was deprived of a property right to this extent.

But such action, through inadvertence and hurry, is not "wilful" or "wanton," in the sense of the law. It was purely negative, and in order to obtain punitive damages, there must appear voluntary and affirmative acts or wrongs or negligence.

Of course, the court will realize that we do not deny, under the proof in this case, the right of plaintiff to recover the $4.00 she paid for the return ticket. But we do deny that the evidence in this case in any wise justifies the grant of instructions warranting the award of punitive damages.

The attempted evidence to show that Maria Dodds caught a cold at Brookhaven, and is entitled to recover actual damages on that account, is entirely too remote and disconnected from the negligence complained of against appellant. There was no natural or proper connection between the one act, and its claimed consequences.

*Teat & Niles, S. L. Dodd,* and *Flowers, Fletcher & Whitfield,* for appellee.

It is well settled in this state that if the wrong was such as to evince recklessness, wilfulness or capriciousness, the offending party is liable for all actual though remote damages sustained. *Silver v. Kent,* 60 Miss. 124.

The worse feature of the case is that the company makes no explanation of its conduct and offers no excuse. It introduced only one witness, the agent at Brookhaven, and he knew nothing about it. He testified that the conductor said he remembered

nothing about the transaction but of course this is purely hearsay and of no value in court.    The conductor was not introduced; no accounting officer or person in charge of the records of the company appeared to give any evidence as to whether the ticket had been turned in.    No explanation was offered as to why this plaintiff had not been given a return ticket.    The facts were in the possession of the company and it declined to disclose them. In this attitude of the matter the case is perfectly controlled by *Stirnberger v. Western Union Telegraph Co., ante,* 260, 52 South. 691, where it is said:

"Since appellee not only violated its duty to appellant by not delivering the telegram but offered no excuse at all therefor, the jury could hardly escape the conclusion that its conduct in the matter was so grossly careless as to indicate a total disregard of appellant's rights.    In fact they would be warranted in believing that its failure to deliver was intentional; otherwise some excuse would have been given therefor."

Even without this consideration, the infliction of punitive damages was well warranted by the facts actually shown on the trial.    *Railroad Co. v. Weid,* 93 Miss. 458; *Railroad Co. v. Harper,* 83 Miss. 564.

Compensatory damages are not limited to money losses.    They include compensation for delays, annoyance, inconvenience and even mental pain and suffering.    *Hewlett v. Ragsdale,* 68 Miss. 703; *Bonelli v. Bowen,* 70 Miss. 142; *Railway v. Bloom,* 71 Miss. 247; *Telephone Co. v. Hobort,* 89 Miss. 252; *Telephone Co. v. Jackson,* 48 South. 614; 3 Hutchinson on Carriers (3rd ed.) § 1424.

McLAIN, C.

The plaintiff obtained a judgment in the circuit court of Attala county for the sum of $175 against the defendant railroad company for damages, from which judgment the defendant railroad company appeals to this court.

Maria Dodds, the plaintiff, an old colored woman, living at Kosciusko, Miss., on the 24th day of December, 1909, purchased a round-trip Christmas excursion ticket from defendant railroad company at Kosciusko to Brookhaven, Miss., and return. The object of her visit to Brookhaven was to pay a social visit and to spend Christmas with her friends, Le Roy Cooper and wife, colored, living at Brookhaven. The evidence in this case is clear and conclusive that she did purchase the ticket. After the purchase of the ticket, she boarded the train of defendant and changed cars at Durant, there taking train No. 3 south for Brookhaven. Some time after this train pulled out from Durant, the conductor came around and took up her ticket, giving her check or station slip in lieu thereof. When the train blew its whistle for Brookhaven, the conductor came around and took up her slip, leaving her without ticket or check. She disembarked at Brookhaven, and was met by one of the Coopers, who took her out to his home in the edge of the city.

On arriving at Brookhaven, she states the weather was cold and the ground wet, and that she walked to Cooper's house, and in doing so she got her feet wet, because her shoes were poor and had no bottoms. She further testifies, that realizing that she had no return ticket, she went to the railroad station at Brookhaven the next morning and informed the agent that the conductor had taken up the return portion of her ticket, as well as the direct portion. The evidence shows that the agent treated her with kindness and courtesy, and told her that he would see the conductor of train No. 3 about the matter. He did so, and afterwards informed the plaintiff that the conductor said that she had only given him one ticket, and that he had no return ticket. The plaintiff states that the day after Christmas, she was somewhat indisposed, and was sick on and off for several days. She attributes this sickness of hers to the frequent visits she had to make to see the agent in reference to this ticket; but, upon an examination of this record, we find that this question of her sick-

ness was eliminated from the jury by an instruction of the court, and such action of the court, we think, was correct under the facts. The plaintiff remained in Brookhaven for ten days or two weeks, when she returned home, borrowing the money to pay her passage from her friend Le Roy Cooper.

The record in this case nowhere shows that she was treated with any harshness, disrespect, or insult. She testifies herself in effect to this. Upon the trial of the cause below, the chief question tried before the jury was as to whether or not plaintiff had the right to recover punitive damages. The instructions given for the plaintiff submitted this question to the jury, while the court refused an instruction for the defendant to the effect that the plaintiff is not entitled to any punitive or vindictive damages.

Upon an inspection of the record in this case, it is manifest that the proof did not warrant the rendering of a verdict for exemplary damages, nor the submission of that question to the jury. It is nowhere hinted or suggested in the record that the action of the conductor was wilful and wanton, nor does it show a reckless disregard of the rights of the plaintiff, and his actions in this matter are wholly free from any element of insult or rudeness. Punitive damages are only allowable when there exists some element of intentional wrong, or, in the absence of intention, there must be negligence so gross as to show a reckless disregard of consequences. The action of the conductor in taking up the return portion of plaintiff's ticket was clearly through hurry and inadvertence, and the facts show that his actions were absolutely free from the elements of wilfulness, wantonness, and disregard to plaintiff's rights. Of course, upon this occasion, he was derelict in duty, and for this defendant is responsible for all actual damages flowing from this negligence of the conductor; but it certainly affords no ground to inflict punitive damages.

As above stated, this is a case in which exemplary damages

were not allowable, and the court should have so informed the jury, as requested by the defendant in one of its instructions. In the case of *Chicago Railroad Company v. Scurr,* 59 Miss. 456, 42 Am. Rep. 373, the court says: "That in any and all actions for damages, where the proof fails to show anything that will warrant an imputation of willfulness, recklessness, or rudeness, it is the duty of the court to inform the jury, when requested to do so, that they cannot inflict punitory damages. Not to do so, in a case free from doubt, would be an abdication of judicial authority, and the permission of the jury to violate the settled principles of law." In the same case the court further says: "For any dereliction of duty he is to be dealt with, as to the measure of damages, like other men. The powers of common carriers over the persons and property committed to their custody is very great; and hence the law imposes upon them the severest exactions, and a degree of responsibility unknown to other callings of life. But, though these exactions are more numerous and stringent, a nonperformance of them brings to the delinquent just that which a default of duty brings to all men; that is to say, full compensation for thoughtlessness and carelessness, exemplary punishment for recklessness, willfulness, or insult."

For reasons assigned above, we think the judgment should be reversed and remanded.

PER CURIAM. For reasons above set forth by the commissioner, judgment is reversed and cause remanded.